NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0043n.06
Filed: October 28, 2004

Case No. 03-5916

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES ROSS, MARCELLA BROGLIN and JIM KIDWELL, on behalf of themselves and all others similarly situated, | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| Plaintiffs-Appellants. | ) ) ) | |
| v. | ) ) | |
| CITY OF GATLINBURG, TENNESSEE, | ) ) | |
| Defendant-Appellee. | ) | |

Before: BATCHELDER and GIBBONS, Circuit Judges; STAFFORD, District Judge*

STAFFORD, District Judge. The plaintiffs appeal the summary judgment for the defendant in this action brought by mobility-impaired individuals who allege that the defendant's failure to provide access to public facilities and services violates Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). We affirm.

I.

Plaintiffs, James Ross, Marcella Broglin and Jim Kidwell, (collectively "Plaintiffs"),

_____

* The Honorable William Stafford, United States District Judge for the Northern District of Florida, sitting by designation.

filed a class action complaint against the City of Gatlinburg, Tennessee, (the "City"), on December 16, 2002. As "persons with disabilities who are mobility impaired, or who regularly use wheelchairs for mobility [and] are unable to lift themselves from their wheelchairs without assistance," compl. at ¶ 1, Plaintiffs alleged that they were aggrieved by the City's lack of accessible parking, lack of accessible bathrooms, failure to keep sidewalks clear, inadequate procedures for filing grievances, failure to provide program access, failure to have an adequate transition plan, and lack of curb cuts at some intersections. Plaintiffs also alleged that the City failed to self-evaluate their facilities, policies, and services as required under the RA, failed to comply with the ADA and the RA when it built new structures or altered existing structures, and failed to make reasonable modifications to its policies and procedures in order to give meaning to the ADA.

The City moved for summary judgment, arguing that Plaintiffs lacked standing to bring an action against the City because they failed to allege or identify any specific injury. The City also argued that Congress did not authorize a private cause of action against a municipality for failure to develop or implement a self-evaluation or transition plan under the ADA.

In response to the City's motion for summary judgment, each Plaintiff provided a one-page affidavit describing in very general terms his or her grievance against the City. None of the Plaintiffs identified any particular street, sidewalk, intersection, parking lot, public building, or facility that purportedly does not comply with the ADA. Neither did they specify any City service, program, or activity from which they were excluded or cite any particular incident on any particular date when they suffered discrimination as a

result of the City's provision or non-provision of services.

Agreeing with both of the City's arguments, the district court granted the City's motion for summary judgment and dismissed the case. Plaintiffs soon after filed this appeal, in which they raise two issues: (1) whether the district court erred in finding that Plaintiffs lack standing to bring an action against the City because they failed to produce evidence of any specific injury; and (2) whether the district court erred in finding that Plaintiffs cannot bring a private cause of action for the City's failure to develop or implement a self-evaluation or transition plan under the ADA.

## II.

This court reviews *de novo* the district court's grant of summary judgment. *Petrey v. City of Toledo*, 246 F.3d 548, 553 (6th Cir. 2001). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.

To establish standing to bring suit, a plaintiff must show that (1) he or she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). As explained by the Supreme

Court:

> Since [the elements required to establish standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation....At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'...In response to a summary judgment motion, however, the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,'...which for purposes of the summary judgment motion will be taken to be true.

*Lujan*, 504 U.S. at 561 (citations omitted).

Here, in response to the City's motion for summary judgment, Plaintiffs failed to provide ANY evidence of "concrete and particularized, actual or imminent" injuries resulting from the City's actions or inactions.  Absent such evidence, Plaintiffs failed to establish a genuine issue of material fact with regard to an essential element of their case against the City.  Accordingly, we find that the district court was correct in granting the City's motion for summary judgment.

IV.

Because Plaintiffs have not established standing to pursue their claims against the City, it is not necessary to reach the question of whether there is a private cause of action for the City's alleged failure to develop or implement a self-evaluation or transition plan under the ADA.  We note, however, that this issue has been decided in the negative in a recent published decision of this court.  *See Ability Center of Greater Toledo v. City of Sandusky*, ___ F.3d ___ (6th Cir. 2004) (holding that there is no private

right of action to enforce the self-evaluation and transition plan requirements set forth in the regulations accompanying Title II).

V.

For the foregoing reasons, we AFFIRM the district court's entry of summary judgment in favor of the City.